## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-5041-CR-S-DGK |
| | ) | |
| MICHAEL DEAN RAY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this criminal action was referred to the undersigned for preliminary review. Now pending before the Court is a Motion to Dismiss the Indictment (Doc. 23) filed by Defendant Michael Dean Ray. For the reasons set forth below, the undersigned recommends that the motion be **DENIED**.

### FINDINGS OF FACT

A federal grand jury issued an indictment on November 5, 2014, alleging that Defendant Michael Dean Ray, a felon, knowingly possessed a firearm on September 6, 2013, in violation of 18 U.S.C. § 922(g)(1). The government disclosed in its response that Ray had the following prior felony conviction in Jasper County, Missouri: a November 24, 2008, conviction for possession of a controlled substance for which he received a suspended imposition of sentence for a term of five years. On March 22, 2010, Ray's probation was revoked and he was sentenced to a term of imprisonment of three years in the Missouri Department of Corrections (Doc. 24).

United States Code Title 18, Section 922(g)(1) prohibits a person previously convicted of

"a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm.

Section 921(a)(20) of Title 18, specifies that:

> What constitutes a conviction of such a crime shall be determined in accordance
> with the law of the jurisdiction in which the proceedings were held. Any
> conviction which has been expunged, or set aside or for which a person has been
> pardoned or has had civil rights restored shall not be considered a conviction for
> purposes of this chapter, unless such pardon, expungement, or restoration of civil
> rights expressly provides that the person may not ship, transport, possess, or
> receive firearms.

18 U.S.C. § 921(a)(20).

Defendant Ray argues that the current version of Article I, Section 23, of the Missouri

Constitution Bill of Rights, which was adopted by Missouri voters on August 5, 2014, restored

his civil right to bear firearms.  Amended section 23 reads:

> That the right of every citizen to keep and bear arms, ammunition, and accessories
> typical to the normal function of such arms, in defense of his home, person,
> family and property, or when lawfully summoned in aid of the civil power, shall
> not be questioned. The rights guaranteed by this section shall be unalienable. Any
> restriction on these rights shall be subject to strict scrutiny and the state of
> Missouri shall be obligated to uphold these rights and shall under no
> circumstances decline to protect against their infringement. Nothing in this
> section shall be construed to prevent the general assembly from enacting general
> laws which limit the rights of convicted violent felons or those adjudicated by a
> court to be a danger to self or others as result of a mental disorder or mental
> infirmity.

Missouri Constitution Article 1, § 23 (Bill of Rights).

Ray argues that the Missouri amendment restored his civil rights. Thus, by operation of

section 921(a)(20), and its language regarding convictions for which a felon has had his civil

rights restored, Ray contends that his prior felony conviction should not be considered a

predicate offense for purposes of 922(g)(1).  Accordingly, he contends, the indictment charging

him as a felon in possession of a firearm should be dismissed.

2

The undersigned recommends denial of Ray's motion. First, Ray urges far too broad a reading of the Missouri constitutional amendment. Ray argues that the "practical effect" of the amendment is to "restore the civil right of all citizens to bear firearms in Missouri." The undersigned disagrees. The amendment itself does not contain the words "restore," "restoration," or "civil rights." Thus, on its face the amendment does not address, much less contemplate, a "restoration" of civil rights.

Second, the Eighth Circuit has held that Missouri withholds "substantial" civil rights from convicted felons, such as the right to serve on a jury, the right to hold certain public-sector jobs, and the right to state licensure in certain professions. As long as certain rights are withheld, a felon "has not been restored to sufficient civil rights in order to invoke section 921(a)(20)." *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005) (citing *Presley v. United States*, 851 F.2d 1052, 1053 (8th Cir. 1988)). *See also United States v. Akens*, 602 F.3d 904, 908 (8th Cir. 2010) (holding Missouri does not sufficiently restore civil rights to felons to invoke section 921(a)(20)).

Even assuming *arguendo* that the Missouri constitutional amendment restored Ray's right to bear arms, under relevant Eighth Circuit precedent, section 921(a)(20) would not apply because Ray, a Missouri felon, is still subject to deprivation of other civil rights. See *United States v. Niccum*, 2009 WL 1382941 (E.D. Mo. May 14, 2009) (holding that a defendant must have had his civil rights "substantially restored" after a conviction in order for § 921(a)(20) to apply).

Finally, the sister federal district court in Missouri has rejected the argument that the Missouri constitutional amendment fully restores a felon's civil rights so as to nullify previous

felony convictions as predicate offenses for purposes of section 922(g)(1). *United States v. Graham*, 2015 WL 1611998 (E.D. Mo. March 27, 2015). The *Graham* court focused on the plain language of section 922(g)(1), and found no merit to the argument that the amendment limited the reach of 922(g)(1). The Court further emphasized that "the right to possess a firearm under state law does not affect the ability of the federal government to restrict this right." *Graham* at *4 (quoting *Niccum* at *1).

Accordingly, the undersigned recommends that Ray has not demonstrated that the Missouri constitutional amendment restored his civil rights to the extent that 18 U.S.C. § 921(a)(20) would nullify his predicate offense requiring dismissal of the charges under 18 U.S.C. § 922(g)(1).

## CONCLUSION

Therefore, based on all the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1 of the United States District Court for the Western District of Missouri, the undersigned hereby **RECOMMENDS** that the Motion to Dismiss the Indictment (Doc. 23) be **DENIED**.

**DATED: August 11, 2015**

  /s/ ***David P. Rush***
**DAVID P. RUSH**
**United States Magistrate Judge**